FRUGÉ, Judge.
This action in tort was instituted by Mr. and Mrs. Lawrence Pickney for the death of their son, Terry Peter Pickney, six years of age, who lost his life in an accident on or about January 24, 1966, on Louisiana Highway 103 in the Parish of St. Landry, Louisiana. Defendants in the action were Ethley Collette and his insurer Allstate Insurance Company.
After trial on the merits, without a jury, the lower court ruled in favor of defendants, dismissing plaintiff’s suit. From this judgment the plaintiffs have appealed.
In his excellent written reasons for judgment, the trial judge has carefully and meticulouly set out all of the relevant facts. Our close review of the record convinces us that he had correctly analyzed the evidence, and we agree with the conclusions which he has drawn from the facts. We, therefore, adopt as our own opinion *326 the following; portions of ihe reasons for judgment which were assigned by the trial judge:
“ * * * Between the hours of 6:30 and 7:00 P.M., January 24, 1966, Mrs. Lawrence Pickney, accompanied by her sister-in-law and mother-in-law, drove north on Louisiana Highway 103 (which runs generally north and south in the vicinity of the accident under consideration) to the home of Peter Thomas to pick up the Pickney children who had been visiting there. It was dark at the time, and the headlights of the Pickney car were on.
“When she arrived near the Thomas home, Mrs. Pickney left the north-bound lane of travel, crossed the highway, and brought her vehicle to a halt facing north with the left wheels near the ditch on the west side of the highway. None of the occupants of the Pickney car stepped down from the vehicle, instead, Mrs. Pickney blew her horn to make known her arrival to her children at the Thomas house.
“At the sound of the horn, Terry Peter came out, crossed the Thomas yard, went around the rear of the Pickney car and was struck and killed by a south-bound pickup truck owned and being then driven by Etley Collette.
“As young Terry Peter approached the family car, neither his mother, grandmother nor aunt cautioned him to be careful, and their testimony is uniform that although they had seen the headlights of the approaching Collette vehicle for some time, its movements, as they observed it, did not present any cause for concern about their own safety or the safety of the child. In short, it appeared to be traveling in its proper lane on the highway.
“Mr. Collette had seen the Pickney car while he was yet some 700-800 feet away. He was not blinded by its headlights; there was no on-coming traffic, and he could see past the Pickney car which he knew to be stopped. At that time, he slowed down to some thirty-five miles per hour, and when he was approximately eighty feet away, turned his vehicle slightly towards the left or north-bound lane, and continued south. At no time did he think of the possibility of someone descending from or boarding the Pickney car, nor did he see the Pickney child before or atThe time of the accident.
“As the Collette truck cleared the Pick-ney car, Mr. Collette noticed that he had struck something, and a later check of his vehicle revealed a dent behind the headlight on the right front hood section of his truck from which the fender protruded slightly.
“The testimony of Mrs. Pickney and her passengers is that they were parked on the west shoulder of the highway some four feet distant from the edge of the highway, and that immediately prior to, and at the time of the accident, young Terry Peter was standing completely on the shoulder of the highway near the right rear door with his hand on the door waiting for the truck to pass before boarding the car.
“Although the State Trooper who investigated the accident was called as a witness, he failed to testify as to findings of physical facts such as skid marks or debris, and the balance of his testimony being opinions based on hearsay, the same was excluded on objection of counsel.
“Considering the evidence, the Court finds that plaintiffs have failed to show any actionable negligence on the part of Mr. Collette, proximately causing this accident. On the contrary, the Court is of the opinion that Mr. Collette was at all times free of any negligence, and that the testimony of the occupants of the Pick-ney car that they did not notice anything unusual about the path of the on-coming Collette truck from which they might have concluded that they or Terry Peter were in danger of being struck, together *327 with Mrs. Pickney’s testimony that her son was running towards the car (although the other occupants maintained he was walking), and the location of the dent on the hood of the pickup behind the right headlight, supports the conclusion that young Pickney lost his life when he ran out from behind the parked car into the right front side of the pickup as the front of the truck which was traveling wholly on the highway, began to cross the rear of the car. This, in the Court’s opinion, is inescapable, even assuming that the Pickney car was completely on the shoulder of the road. * * * ”
For the foregoing reasons, it is the opinion of this court that the lower court’s judgment was correct, and that there was no manifest error. Therefore, the decision of the lower court is affirmed, costs to be paid by plaintiff-appellant.
Affirmed.